| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Joseph M. Pleasant, Esq. 179571<br>Reese Law Group<br>3168 Lionshead Avenue<br>Carlsbad, CA 92010<br>Telephone 760-842-5850<br>Facsimile 760-842-5850<br>Email jpleasant@reeselawgroup.com<br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for:* JPMorgan Chase Bank, N.A. | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – NORTHERN DIVISION**

| In Re:<br><br>Igor Lopatonok<br><br>Debtor | CASE NO.: 9:18-bk-10899-DS<br>CHAPTER: 11 |
|---|---|
| | **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. 362 (with supporting declarations) (PERSONAL PROPERTY)** |
| | DATE: 11/13/2018<br>TIME: 1:30 P.M.<br>COURTROOM: 201 |

**Movant:** JPMorgan Chase Bank, N.A.

1. **Hearing Location**:

   ☐ 255 East Temple Street, Los Angeles, CA 90012
   ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367
   ☐ 3420 Twelfth Street, Riverside, CA 92501
   ☐ 411 West Fourth Street, Santa Ana, CA 92701
   ☒ 1415 State Street, Santa Barbara, CA 93101

2. Notice is given to the Debtor and trustee (if any)(Responding Parties), their attorneys (if any), and other interested parties that on the date and time and in the courtroom stated above, Movant will request that this court enter an order granting relief from the automatic stay, as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached motion.

3. To file a response to the motion, you may obtain an approved court form at www.cacb.uscourts.gov/forms for use in preparing your response (optional LBR form F 4001-1.RFS.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

4. When serving a response to the motion, serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above.

5. If you fail to timely file and serve a written response to the motion, or fail to appear at the hearing, the court may deem such failure as consent to granting of the motion.

6. ☒ This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1(d). If you wish to oppose this motion, you must file a written response to this motion with the court and serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above no less than 14 days before the hearing and appear at the hearing of this motion.

7. ☐ This motion is being heard on SHORTENED NOTICE pursuant to LBR 9075-1(b). If you wish to oppose this motion, you must file and serve a response no later than (date) x and (time) x ; and, you may appear at the hearing.

   a. ☐ An application for order setting hearing on shortened notice was not required (according to the calendaring procedures of the assigned judge).

   b. ☐ An application for order setting hearing on shortened notice was filed and was granted by the court and such motion and order have been or are being served upon the Debtor and upon the trustee (if any).

   c. ☐ An application for order setting hearing on shortened notice and remains pending. After the court has ruled on that application, you will be served with another notice or an order that will specify the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

Date: 9/1/2018

REESE LAW GROUP
Printed name of law firm (if applicable)

Joseph M. Pleasant, Esq.
Printed name of individual Movant or attorney for Movant

Signature of individual Movant or attorney for Movant

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS TO PERSONAL PROPERTY

1. Movant has a perfected security interest in the Property.

2. **The Property at Issue (Property):**

   a. ☐ Vehicle (year, manufacturer, type, and model): 2017 Land Rover Range Rover

   *Vehicle Identification Number*: SALGS5FEXHA327335
   *Location of vehicle (if known):* Debtor's Possession

   b. ☐ Equipment (manufacturer, type, and characteristics):

   Serial number(s):

   Location (if known):

   c. ☐ Other Personal Property (type, identifying information, and location):

3. **Bankruptcy Case History**:

   a. ☒ A voluntary bankruptcy petition An involuntary bankruptcy petition under chapter ☐7 ☒11 ☐12 ☐13 was filed on (*date*) 6/4/2018

   b. ☐ An order to convert this case to chapter ☐ 7 ☐11 ☐12 ☐13 was entered on (*date*) _____.

   c. ☐ Plan was confirmed on (*date*) __________.

4. **Grounds for Relief from Stay:**

   a. ☒ Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant the requested relief from stay as follows:

   (1) ☒ Movant's interest in the Property is not adequately protected.

   (A) ☐ Movant's interest in the Property is not protected by an adequate equity cushion.

   (B) ☒ The fair market value of the Property is declining and payments are not being made to Movant sufficient to protect Movant's interest against that decline.

   (C) ☐ Proof of insurance regarding the Property has not been provided to Movant, despite the Debtor's obligation to insure the collateral under the terms of Movant's contract with Debtor.

   (D) ☐ Other (see attached continuation page).

   (2) ☐ The bankruptcy case was filed in bad faith.

   (A) ☐ Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case commencement documents.

(B) ☐ The Property was transferred to the Debtor either just before the bankruptcy filing or after the filing.

(C) ☐ A non-individual entity was created just prior to the bankruptcy petition date for the sole purpose of filing this bankruptcy case.

(D) ☐ Other bankruptcy cases were filed in which an interest in the Property was asserted.

(E) ☐ The Debtor filed only a few case commencement documents with the bankruptcy petition. Schedules and statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

(3) ☐ (*Chapter 12 or 13 cases only*) All payments on account of the Property are being made through the plan and plan payments have not been made to the chapter 12 or chapter 13 trustee for payments due ☐ postpetition preconfirmation ☐ postpetition postconfirmation.

(4) ☐ The lease has matured, been rejected or deemed rejected by operation of law.

(5) ☐ The Debtor filed a statement of intention that indicates the Debtor intends to surrender the Property.

(6) ☐ Movant regained possession of the Property on (date) , which is prepetition postpetition.

(7) ☐ For other cause for relief from stay, see attached continuation page.

b. ☐ Pursuant to 11 U.S.C. § 362(d)(2)(A), the Debtor has no equity in the Property; and, pursuant to 11 U.S.C. §362(d)(2)(B), the Property is not necessary for an effective reorganization.

5. **Grounds for Annulment of the Stay**. Movant took postpetition actions against the Property or the Debtor.

a. ☐ These actions were taken before Movant knew that the bankruptcy petition had been filed and Movant would have been entitled to relief from stay to proceed with those actions,

b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions,

c. ☐ Other (specify):

6. ☒ **Evidence in Support of Motion**: (Declaration(s) must be signed under penalty of perjury and attached to this motion)

a. The PERSONAL PROPERTY DECLARATION on page 6 of this motion.

b. ☐ Supplemental declaration(s).

c. ☐ The statements made by the Debtor under penalty of perjury concerning Movant's claims and the Property as set forth in the Debtor's case commencement documents. Authenticated copies of the relevant portions of the case commencement documents are attached as Exhibit(s) ______.

d. ☐ Other:

7. **An optional Memorandum of Points and Authorities is attached to this motion.**

**Movant requests the following relief:**

1. Relief from the stay is granted under: ☒ 11 U.S.C. § 362(d)(1) ☐ 11 U.S.C. § 362(d)(2)

2. ☒ Movant (and any successors or assigns) may proceed under applicable nonbankruptcy law to enforce its remedies to repossess and sell the Property.

3. ☐ Confirmation that there is no stay in effect.

4. ☐ The stay is annulled retroactive to the petition date. Any postpetition actions taken by Movant to enforce its remedies regarding the Property do not constitute a violation of the stay.

5. ☐ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, on the same terms and conditions as to the Debtor.

6. ☒ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

7. ☐ The order is binding in any other bankruptcy case purporting to affect the Property filed not later than 2 years after the date of entry of such order, except that a debtor in a subsequent case may move for relief from the order based upon changed circumstances or for good cause shown, after notice and hearing.

8. ☐ The order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the Property.

9. ☐ The order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days, so that no further stay shall arise in that case as to the Property.

10. ☐ The order is binding and effective in any future bankruptcy case, no matter who the debtor may be ☐ without further notice, or ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

11. ☐ If relief from stay is not granted, the court orders adequate protection.

12. ☐ See continuation page for other relief requested

Date: 9/1/2018

REESE LAW GROUP
Printed name of law firm (if applicable)

Joseph M. Pleasant
Printed name of individual Movant or attorney for Movant

Signature of individual Movant or attorney for Movant

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

## PERSONAL PROPERTY DECLARATION

I, (*name of declarant*) Elaine M. Sanchez declare:

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding Movant's interest in the Property (*specify*):

   a. ☐ I am the Movant.

   b. ☒ I am employed by Movant as (*title and capacity*): Operations Sr. Specialist III

   c. ☐ Other *(specify)*:

2. a. ☒ I am one of the custodians of the books, records and files of Movant that pertain to loans, leases, or extensions of credit given to Debtor concerning the Property. I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the court if required.

   b. ☐ Other *(see attached)*:

3. The Property is:

   a. ☒ Vehicle (*year, manufacturer, type, model and year*): 2017 Land Rover Range Rover

      *Vehicle Identification Number:* SALGS5FEXHA327335
      *Location of vehicle (if known):* Debtor's Possession

   b. ☐ Equipment (*manufacturer, type, and characteristics*):

      *Serial number(s):*
      *Location (if known):*

   c. ☐ Other personal property (*type, identifying information, and location*):

4. The nature of Debtor's interest in the Property is:
   a. ☒ Sole owner
   b. ☐ Co-owner *(specify)*:
   c. ☐ Lessee
   d. ☐ Other *(specify)*:
   e. ☒ Debtor ☒ did ☐ did not list the Property in the schedules filed in this case

5. ☐ The lease matured or was rejected on (*date*):
   a. ☐ rejected
      (1) ☐ by operation of law.
      (2) ☐ by order of the court.
   b. ☐ matured.

6. Movant has a perfected security interest in the Property.
   a. ☒ A true and correct copy of the promissory note or other document that evidences the debt owed by the Debtor to Movant is attached as Exhibit 1.
   b. ☒ The Property is a motor vehicle, boat, or other personal property for which a certificate of title is provided for by state law. True and correct copies of the following items are attached to this motion:
      (1) ☒ Certificate of title ("pink slip") (Exhibit 2).
      (2) ☐ Vehicle or other lease agreement (Exhibit _______).
      (3) ☒ Security agreement (Exhibit 1).
      (4) ☐ Other evidence of a security interest (Exhibit __).
   c. ☐ The Property is equipment, intangibles, or other personal property for which a certificate of title is not provided for by state law. True and correct copies of the following items are attached to this motion:
      (1) ☐ Security agreement (Exhibit _______).
      (2) ☐ UCC-1 financing statement (Exhibit _______).
      (3) ☐ UCC financing statement search results (Exhibit _______).
      (4) ☐ Recorded or filed leases (Exhibit _______):
      (5) ☐ Other evidence of perfection of a security interest (Exhibit _______).
   d. ☐ The Property is consumer goods. True and correct copies of the following items are attached to this motion:
      (1) ☐ Credit application (Exhibit _______).
      (2) ☐ Purchase agreement (Exhibit _______).
      (3) ☐ Account statement showing payments made and balance due (Exhibit _______).
      (4) ☐ Other evidence of perfection of a security interest (*if necessary under state law*) (Exhibit _____):
   e. ☐ Other liens against the Property are attached as Exhibit _______.

7. Status of Movant's debt:

   a. The amount of the monthly payment: $ 1,659.73.

   b. Number of payments that became due and were not tendered: [2] prepetition [3] postpetition

   c. Total amount in arrears: $ 6,833.92

   d. Last payment received on (date): 06/01/2018

   e. Future payments due by the anticipated hearing date (*if applicable*): ______
   An additional payment of $ ______ will come due on(*date*): ______, and on the ______ day each month thereafter. If the payment is not received by the ______ day of the month, a late charge of $______ will be charged under the terms of the loan.

8. ☒ Attached as Exhibit 3 is a true and correct copy of a POSTPETITION payment history that accurately reflects the dates and amounts of all payments made by the Debtor since the petition date.

9. Amount of Movant's debt:

| | | |
|---|---|---|
| a. | Principal: ....$ | 70,124.56 |
| b. | Accrued interest: ....$ | 645.57 |
| c. | Costs (attorney's fees, late charges, other costs): ....$ | 195.00 |
| d. | Advances (property taxes, insurance): ....$ | 0.00 |
| e. | TOTAL CLAIM as of 7/24/2018: ....$ | 70,965.13 |

10. ☒ (*Chapter 7 and 11 cases only*) Valuation: The fair market value of the Property is: $ 92,770.00. This valuation is based upon the following supporting evidence:

    a. ☒ This is the value stated for property of this year, make, model, and general features in the reference guide most commonly used source for valuation data used by Movant in the ordinary course of its business for determining the value of this type of property. True and correct copies of the relevant excerpts of the most recent edition of the reference guide are attached as Exhibit 4.

    b. ☐ This is the value determined by an appraisal or other expert evaluation. True and correct copies of the expert's report and/or declaration are attached as Exhibit ______.

    c. ☐ The Debtor's admissions in the Debtor's schedules filed in the case. True and correct copies of the relevant portions of the Debtor's schedules are attached as Exhibit ______.

    d. ☐ Other basis for valuation (*specify*):

> **NOTE**: If valuation is contested, supplemental declarations providing additional foundation for the opinions of value should be submitted.

11. Calculation of equity in Property:

    a. ☒ **11 U.S.C. § 362(d)(1) – Equity Cushion:**

    I calculate that the value of the "equity cushion" in the Property exceeding Movant's debt and any lien(s) senior to Movant's debt is $ 21,804.87 and is 23.5 % of the fair market value of the Property.

b. ☒ **11 U.S.C. § 362(d)(2)(A) – Equity:**

By subtracting the total amount of all liens on the Property from the value of the Property as set forth in Paragraph 10 above, I calculate that the Debtor's equity in the Property is $ 21,804.87 .

12. ☐ The fair market value of the Property is declining because:

13. ☐ The Debtor's intent is to surrender the Property. A true and correct copy of the Debtor's statement of intentions is attached as Exhibit _____.

14. ☐ Movant regained possession of the property on (date)_______, which is: ☐ prepetition ☐ postpetition.

15. ☐ (*Chapter 12 or 13 cases only*) Status of Movant's debt and other bankruptcy case information: N/A

a. The 341(a) meeting of creditors is currently scheduled for (or concluded on) (*date*) ______
A plan confirmation hearing is currently scheduled for (or concluded on) (*date*) ______
The plan was confirmed on (*if applicable*) (*date*) _______

b. Postpetition preconfirmation payments due BUT REMAINING UNPAID after the filing of the case:

| Number of Payments | Number of Late Charges | Amount of Each Payment or Late Charge | Total |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

(See attachment for additional breakdown or information attached as Exhibit _____.)

c. Postconfirmation payments due BUT REMAINING UNPAID after the plan confirmation date (*if applicable*):

| Number of Payments | Number of Late Charges | Amount of Each Payment or Late Charge | Total |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

d. Postpetition advances or other charges due but unpaid: $
(*For details of type and amount, see Exhibit_______.*)

e. Attorneys' fees and costs $
(*For details of type and amount, see Exhibit _______.*)

f. Less suspense account or partial paid balance $[ ]
TOTAL POSTPETITION DELINQUENCY: $

g. ☐ The entire claim is provided for in the chapter 12 or 13 plan and postpetition plan payments are delinquent. The plan payment history is attached as Exhibit ____. See attached declaration(s) of chapter 12 trustee or 13 trustee regarding receipt of payments under the plan (*attach LBR form F 4001-1.DEC.AGENT.TRUSTEE).*

16. ☐ Proof of insurance regarding the Property has not been provided to Movant, despite the Debtor's obligation to insure the collateral under the terms of Movant's contract with Debtor.

17. ☐ The bankruptcy case was filed in bad faith:

a. ☐ Movant is the only creditor or one of few creditors listed in the Debtor's case commencement documents.

b. ☐ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

c. ☐ The Debtor filed only a few case commencement documents. Schedules and a statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

d. ☐ Other (*specify*):

18. ☐ The filing of the bankruptcy petition was part of a scheme to delay, hinder, or defraud creditors that involved:

a. ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval. See attached continuation page for facts establishing the scheme.

b. ☐ Multiple bankruptcy cases affecting the Property:

(1) Case name: ____________________
Chapter: ________ Case number: ____________
Date filed: ________ Date discharged: ________ Date dismissed: ________
Relief from stay regarding this Property ☐ was ☐ was not granted.

(2) Case name: ____________________
Chapter: ________ Case number: ____________
Date filed: ________ Date discharged: ________ Date dismissed: ________
Relief from stay regarding this Property ☐ was ☐ was not granted.

(3) Case name: ____________________
Chapter: ________ Case number: ____________
Date filed: ________ Date discharged: ________ Date dismissed: ________
Relief from stay regarding this Property ☐ was ☐ was not granted.

☐ See attached continuation page for more information about other bankruptcy cases affecting the Property.

☐ See attached continuation page for additional facts establishing that the multiple bankruptcy cases were part of a scheme to delay, hinder, and defraud creditors.

19. ☐ Enforcement actions taken after the bankruptcy petition was filed are specified in the attached supplemental declaration(s).

a. ☐ These actions were taken before Movant knew the bankruptcy case had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

b. ☐ Although Movant knew the bankruptcy case was filed, Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit ______.

c. ☐ For other facts justifying annulment, see attached continuation page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

8-20-18 ELAINE M. SANCHEZ Elaine M Sanchez

*Date* *Printed name* *Signature*

[illegible] SIMPLE FINANCE CHARGE (WITH ARBITRATION PROVISION)

Buyer Name and Address (Including County and Zip Code): 260 LOMA METISSE RD, MALIBU CA LOS ANGELES 90265

Co-Buyer Name and Address (Including County and Zip Code)

Seller-Creditor (Name and Address): LAND ROVER ENCINO, 15800 VENTURA BLVD., ENCINO, CA 91436

[illegible]

| New/Used | Year | Make and Model | Odometer | Vehicle Identification Number | Primary Use For Which Purchased |
| --- | --- | --- | --- | --- | --- |
| NEW | 2017 | LAND ROVER RANGE ROVER | 15 | SALGS5FEXHA327336 | Personal, family or household unless otherwise indicated below. ☐ business or commercial |

## FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE | FINANCE CHARGE | Amount Financed | Total of Payments | Total Sale Price |
| --- | --- | --- | --- | --- |
| The cost of your credit as a yearly rate. | The dollar amount the credit will cost you. | The amount of credit provided to you or on your behalf. | The amount you will have paid after you have made all payments as scheduled. | The total cost of your purchase on credit, including your down payment of $48000.00 |
| 6.34 % | $14655.55 | $ 84928.25 | $ 99583.80 | $147583.80 |

YOUR PAYMENT SCHEDULE WILL BE:

| Number of Payments | Amount of Payments | When Payments Are Due |
| --- | --- | --- |
| N/A | N/A | N/A |
| N/A | N/A | N/A |
| N/A | N/A | N/A |
| 59 | 1659.73 | Monthly beginning 03/05/2017 |
| N/A | N/A | N/A |
| The final payment 1 | 1659.73 | 02/05/2022 |

[illegible]

## STATEMENT OF INSURANCE

[illegible]

Vehicle Insurance: N/A

Buyer X [signature]

Co-Buyer X N/A

Seller X [signature]

OPTIONAL DEBT CANCELLATION AGREEMENT. [illegible]

Term N/A Mos. N/A Debt Cancellation Agreement

I want to buy a debt cancellation agreement.

Buyer Signs X N/A

OPTIONAL SERVICE CONTRACT(S) [illegible]

1) Company VPP; Term 36 Mos. or 36,000 Miles

2) Company AM VCP; Term 60 Mos. or [illegible] Miles

3) Company SAFEGUARD; Term 60 Mos. or N/A Miles

4) Company DENT ZONE; Term 60 Mos. or N/A Miles

5) Company [illegible]; Term N/A Mos. or N/A Miles

Buyer X [signature]

## ITEMIZATION OF THE AMOUNT FINANCED

1. Total Cash Price
   - A. Cash Price of Motor Vehicle and Accessories $119300.00 (A)
     1. Cash Price Vehicle $119040.00
     2. Cash Price Accessories $ N/A
     3. Other (Nontaxable) Describe N/A $ N/A; Describe N/A $ N/A
   - B. Document Processing Charge (not a governmental fee) $80.00 (B)
   - C. Emission Testing Charge (not a governmental fee) $ N/A (C)
   - D. (Optional) Theft Deterrent Device(s): 1. paid to N/A $ N/A; 2. paid to N/A $ N/A; 3. paid to N/A $ N/A
   - E. (Optional) Surface Protection Product(s): 1. paid to SISKIN $ 400.00; 2. paid to N/A $ N/A
   - F. EV Charging Station paid to N/A $ N/A
   - G. Sales Tax $ 10461.50 (G)
   - H. Electronic Vehicle Registration or Transfer Charge (not a governmental fee) paid to MVSC $ 29.00
   - I. (Optional) Service Contract(s): 1. paid to VPP $ 762.00; 2. paid to AM VCP $ 400.00; 3. paid to SAFEGUARD $ 438.00; 4. paid to DENT ZONE $ 400.00; 5. paid to N/A $ N/A
   - J. Prior Credit or Lease Balance(s) paid by Seller to N/A $ N/A
   - K. (Optional) Debt Cancellation Agreement $ N/A
   - L. (Optional) Used Vehicle Contract Cancellation Option Agreement $ N/A
   - M. Other paid to N/A For N/A $ N/A
   - N. Other paid to N/A For N/A $ N/A

   Total Cash Price (A through N) $132040.50 (1)
2. Amounts Paid to Public Officials
   - A. Vehicle License Fees ESTIMATED $777.00
   - B. Registration/Transfer/Titling Fees $102.00
   - C. California Tire Fees $8.75
   - D. Other N/A $ N/A

   Total Official Fees (A through D) $887.75 (2)
3. Amount Paid to Insurance Companies (Total premiums from Statement of Insurance) $ N/A (3)
4. ☐ State Emissions Certification Fee or ☐ State Emissions Exemption Fee $ N/A (4)
5. Subtotal (1 through 4) $132928.25 (5)
6. Total Downpayment
   - A. Total Agreed Value of Property Being Traded-in $48000.00 (A); Vehicle 1 $48000.00, Vehicle 2 $ N/A
   - B. Total Less Prior Credit or Lease Balance $ N/A; Vehicle 1 $ N/A, Vehicle 2 $ N/A
   - C. Total Net Trade-In $48000.00; Vehicle 1 $48000.00, Vehicle 2 $ N/A
   - D. Deferred Downpayment Payable to Seller $ N/A
   - E. Manufacturer's Rebate $ N/A
   - F. Other $ N/A
   - G. Cash, Cash Equivalent, Check, Credit Card, or Debit Card $ N/A

   Total Downpayment (C through G) $48000.00 (6)
7. Amount Financed (5 less 6) $84928.25 (7)

TRADE-IN VEHICLE 1: Year 2014 Make LAND ROVER; Model RANGE ROVER Odometer 46739; VIN SALGS2EF9EA327037 [illegible]

- Agreed Value of Property $48000.00
- Buyer/Co-Buyer Retained Trade Equity $ N/A
- Agreed Value of Property Being Traded-in $48000.00
- Prior Credit or Lease Balance $ N/A
- Net Trade-In $48000.00

VEHICLE 2: Year N/A Make N/A Model N/A Odometer N/A VIN N/A; Agreed Value of Property $ N/A; Retained Trade Equity $ N/A; Agreed Value of Property Being Traded-in $ N/A; Prior Credit or Lease Balance $ N/A; Net Trade-In $ N/A

Total Agreed Value of Property Being Traded-in $48000.00

Total Prior Credit or Lease Balance $ N/A

Total Net Trade-In $48000.00

OPTION: ☐ You pay no finance charge if the Amount Financed, item 7, is paid in full on or before __________, Year ______. SELLER'S INITIALS [initials]

[illegible] Buyer Signs X [signature] Co-Buyer Signs X N/A

Trade-In Payoff Agreement: [illegible]

Buyer Signature X N/A Co-Buyer Signature X N/A

## AUTO BROKER FEE DISCLOSURE

If this contract reflects the retail sale of a new motor vehicle, the sale is not subject to a fee received by an autobroker from us unless the following box is checked:

☐ Name of autobroker receiving fee, if applicable: N/A

HOW THIS CONTRACT CAN BE CHANGED. This contract contains the entire agreement between you and us relating to this contract. Any change to the contract must be in writing and both you and we must sign it. No oral changes are binding.

Buyer Signs X [signature] Co-Buyer Signs X N/A

SELLER'S RIGHT TO CANCEL [illegible]

Buyer X [signature] Co-Buyer X N/A

[illegible] PUBLIC LIABILITY INSURANCE [illegible]

Buyer X [signature] X N/A

ADDITIONAL TERMS: N/A

Notice to buyer: (1) Do not sign this agreement before you read it or if it contains any blank spaces to be filled in. (2) You are entitled to a completely filled in copy of this agreement. (3) You can prepay the full amount due under this agreement at any time. (4) If you default in the performance of your obligations under this agreement, the vehicle may be repossessed and you may be subject to suit and liability for the unpaid indebtedness evidenced by this agreement.

[illegible]

Buyer Signature X [signature] Co-Buyer Signature X N/A

***The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.***

THERE IS NO COOLING-OFF PERIOD UNLESS YOU OBTAIN A CONTRACT CANCELLATION OPTION

[illegible]

YOU AGREE TO THE TERMS OF THIS CONTRACT. YOU CONFIRM THAT BEFORE YOU SIGNED THIS CONTRACT, WE GAVE IT TO YOU, AND YOU WERE FREE TO TAKE IT AND REVIEW IT. YOU ACKNOWLEDGE THAT YOU HAVE READ BOTH SIDES OF THIS CONTRACT, INCLUDING THE ARBITRATION PROVISION ON THE REVERSE SIDE, BEFORE SIGNING BELOW. YOU CONFIRM THAT YOU RECEIVED A COMPLETELY FILLED-IN COPY WHEN YOU SIGNED IT.

Buyer Signature X [signature] Date 01/19/2017 Co-Buyer Signature N/A Date ______

[illegible]

Other Owner Signature X ______ Address ______

[illegible]

Guarantor X ______ Address ______ 01/19/2017 Guarantor X ______ Date ______

Seller Signs LAND ROVER ENCINO Date 01/19/2017 By X [signature] Title [illegible] MGR.

[illegible]

ORIGINAL LIENHOLDER

EXHIBIT 1 (1 of 2)



OTHER IMPORTANT AGREEMENTS

ARBITRATION PROVISION

PLEASE REVIEW - IMPORTANT - AFFECTS YOUR LEGAL RIGHTS

1. EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN US DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL.
2. IF A DISPUTE IS ARBITRATED, YOU WILL GIVE UP YOUR RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER ON ANY CLASS CLAIM YOU MAY HAVE AGAINST US INCLUDING ANY RIGHT TO CLASS ARBITRATION OR ANY CONSOLIDATION OF INDIVIDUAL ARBITRATIONS.
3. DISCOVERY AND RIGHTS TO APPEAL IN ARBITRATION ARE GENERALLY MORE LIMITED THAN IN A LAWSUIT, AND OTHER RIGHTS THAT YOU AND WE WOULD HAVE IN COURT MAY NOT BE AVAILABLE IN ARBITRATION.

Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Provision, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action. If federal law provides that a claim or dispute is not subject to binding arbitration, this Arbitration Provision shall not apply to such claim or dispute. Any claim or dispute is to be arbitrated by a single arbitrator on an individual basis and not as a class action. You expressly waive any right you may have to arbitrate a class action. You may choose the American Arbitration Association, 1633 Broadway, 10th Floor, New York, New York 10019 (www.adr.org), or any other organization to conduct the arbitration subject to our approval. You may get a copy of the rules of an arbitration organization by contacting the organization or visiting its website.

Arbitrators shall be attorneys or retired judges and shall be selected pursuant to the applicable rules. The arbitrator shall apply governing substantive law and the applicable statute of limitations. The arbitration hearing shall be conducted in the federal district in which you reside unless the Seller-Creditor is a party to the claim or dispute, in which case the hearing will be held in the federal district where this contract was executed. We will pay your filing, administration, service or case management fee and your arbitrator or hearing fee all up to a maximum of $5000, unless the law or the rules of the chosen arbitration organization require us to pay more. The amount we pay may be reimbursed in whole or in part by decision of the arbitrator if the arbitrator finds that any of your claims is frivolous under applicable law. Each party shall be responsible for its own attorney, expert and other fees, unless awarded by the arbitrator under applicable law. If the chosen arbitration organization's rules conflict with this Arbitration Provision, then the provisions of this Arbitration Provision shall control. Any arbitration under this Arbitration Provision shall be governed by the Federal Arbitration Act (9 U.S.C. § 1 et. seq.) and not by any state law concerning arbitration. Any award by the arbitrator shall be in writing and will be final and binding on all parties, subject to any limited right to appeal under the Federal Arbitration Act.

[illegible] for any reason, the remainder shall remain enforceable. If a waiver of class action rights is deemed or found to be unenforceable for any reason in a case in which class action allegations have been made, the remainder of this Arbitration Provision shall be unenforceable.

NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

The preceding NOTICE applies only to goods or services obtained primarily for personal, family or household use. In all other cases, Buyer will not assert against any subsequent holder or assignee of this contract any claims or defenses the Buyer (debtor) may have against the Seller, or against the manufacturer of the vehicle or equipment obtained under this contract.

EXHIBIT 1 (2 of 2)



Collateral Management Services
9750 Goethe Road | Sacramento, CA 95827
www.dealertrack.com

# JPMorgan Chase Bank, N.A.

## Lien and Title Information

### Lienholder

| | |
|---|---|
| **ELT Lien ID** | U52 |
| **Lienholder** | JPMORGAN CHASE BK |
| **Lienholder Address** | PO BX 901033<br>FT WORTH, TX 76101 |
| **Lien Release Date** | |

### Vehicle and Titling Information

| | | | |
|---|---|---|---|
| **VIN** | SALGS5FEXHA327335 | **Issuance Date** | 2/1/2017 |
| **Title Number** | | **Received Date** | 2/3/2017 |
| **Title State** | CA | **ELT/Paper** | ELECTRONIC |
| **Year** | 2017 | **Odometer Reading** | 15 01/19/2017 |
| **Make** | LNDR | **Branding** | |
| **Model** | | | |
| **Owner 1** | LOPATONOK IGOR | | |
| **Owner 2** | | | |
| **Owner Address** | 260 LOMA METISSE RD<br>MALIBU, CA 90265 | | |

**Printed:** Tuesday, July 24, 2018 3:01:10 PM PST

EXHIBIT 2

LOPATONOK, IGOR [redacted]34 05

| Eff. Date | Post Date | Amount | Code | Description | Principal | Interest | Balance |
|---|---|---|---|---|---|---|---|
| 03/15/2017 | 03/15/2017 | $50.00 | 07011 | Late Charge | $0.00 | $0.00 | $84,928.25 |
| 03/23/2017 | 03/23/2017 | $1,659.73 | 08080 | CAF Direct Ck Pmt | $730.37 | $929.36 | $84,197.88 |
| 03/23/2017 | 03/23/2017 | $50.00 | 08088 | Late Chg Paymnt | $0.00 | $0.00 | $84,197.88 |
| 04/17/2017 | 04/17/2017 | $50.00 | 07011 | Late Charge | $0.00 | $0.00 | $84,197.88 |
| 05/01/2017 | 05/01/2017 | $1,659.73 | 08080 | Chase.com External Tsf Pmt | $1,089.35 | $570.38 | $83,108.53 |
| 05/15/2017 | 05/15/2017 | $50.00 | 07011 | Late Charge | $0.00 | $0.00 | $83,108.53 |
| 05/30/2017 | 05/30/2017 | $1,659.73 | 08080 | CAF Direct Ck Pmt | $1,241.09 | $418.64 | $81,867.44 |
| 05/30/2017 | 05/30/2017 | $100.00 | 08088 | Late Chg Paymnt | $0.00 | $0.00 | $81,867.44 |
| 06/01/2017 | 06/01/2017 | $1,659.73 | 08080 | Chase.com External Tsf Pmt | $1,631.29 | $28.44 | $80,236.15 |
| 06/01/2017 | 06/07/2017 | $1,659.73 | 09080 | RTN PMT-INSUFF FUNDS | $1,631.29 | $28.44 | $81,867.44 |
| 06/01/2017 | 06/07/2017 | $15.00 | 07011 | Ret Chk Chg | $0.00 | $0.00 | $81,867.44 |
| 06/15/2017 | 06/15/2017 | $50.00 | 07011 | Late Charge | $0.00 | $0.00 | $81,867.44 |
| 06/30/2017 | 06/30/2017 | $1,659.73 | 08080 | Chase.com External Tsf Pmt | $1,218.91 | $440.82 | $80,648.53 |
| 07/17/2017 | 07/17/2017 | $50.00 | 07011 | Late Charge | $0.00 | $0.00 | $80,648.53 |
| 08/01/2017 | 08/01/2017 | $1,659.73 | 08080 | Chase.com External Tsf Pmt | $1,211.45 | $448.28 | $79,437.08 |
| 08/01/2017 | 08/07/2017 | $1,659.73 | 09080 | RTN PMT-INSUFF FUNDS | $1,211.45 | $448.28 | $80,648.53 |
| 08/01/2017 | 08/07/2017 | $15.00 | 07011 | Ret Chk Chg | $0.00 | $0.00 | $80,648.53 |
| 08/15/2017 | 08/15/2017 | $50.00 | 07011 | Late Charge | $0.00 | $0.00 | $80,648.53 |
| 09/01/2017 | 09/01/2017 | $1,659.73 | 08080 | Chase.com External Tsf Pmt | $777.18 | $882.55 | $79,871.35 |
| 09/12/2017 | 09/12/2017 | $1,749.73 | 08080 | CAF Direct Ck Pmt | $1,597.13 | $152.60 | $78,274.22 |
| 09/12/2017 | 09/22/2017 | $1,749.73 | 09080 | RTN PMT-INSUFF FUNDS | $1,597.13 | $152.60 | $79,871.35 |
| 09/12/2017 | 09/22/2017 | $15.00 | 07011 | Ret Chk Chg | $0.00 | $0.00 | $79,871.35 |
| 09/15/2017 | 09/22/2017 | $50.00 | 07011 | Late Charge | $0.00 | $0.00 | $79,871.35 |
| 09/29/2017 | 09/29/2017 | $1,659.73 | 08080 | Chase.com External Tsf Pmt | $1,271.28 | $388.45 | $78,600.07 |
| 10/16/2017 | 10/16/2017 | $50.00 | 07011 | Late Charge | $0.00 | $0.00 | $78,600.07 |
| 11/01/2017 | 11/01/2017 | $1,659.73 | 08080 | Chase.com External Tsf Pmt | $1,209.19 | $450.54 | $77,390.88 |
| 11/01/2017 | 11/07/2017 | $1,659.73 | 09080 | RTN PMT-INSUFF FUNDS | $1,209.19 | $450.54 | $78,600.07 |
| 11/01/2017 | 11/07/2017 | $15.00 | 07011 | Ret Chk Chg | $0.00 | $0.00 | $78,600.07 |
| 11/15/2017 | 11/15/2017 | $50.00 | 07011 | Late Charge | $0.00 | $0.00 | $78,600.07 |
| 11/17/2017 | 11/17/2017 | $1,700.00 | 08080 | Teller Pmt | $1,031.01 | $668.99 | $77,569.06 |
| 12/01/2017 | 12/01/2017 | $1,659.73 | 08080 | Chase.com External Tsf Pmt | $1,471.10 | $188.63 | $76,097.96 |
| 12/01/2017 | 12/07/2017 | $1,659.73 | 09080 | RTN PMT-INSUFF FUNDS | $1,471.10 | $188.63 | $77,569.06 |
| 12/01/2017 | 01/05/2018 | $15.00 | 07011 | Ret Chk Chg | $0.00 | $0.00 | $77,569.06 |
| 12/15/2017 | 01/05/2018 | $50.00 | 07011 | Late Charge | $0.00 | $0.00 | $77,569.06 |
| 12/29/2017 | 12/29/2017 | $1,659.73 | 08080 | Chase.com External Tsf Pmt | $1,093.84 | $565.89 | $76,475.22 |
| 12/29/2017 | 01/05/2018 | $1,659.73 | 09080 | RTN PMT-INSUFF FUNDS | $1,093.84 | $565.89 | $77,569.06 |
| 12/29/2017 | 01/05/2018 | $15.00 | 07011 | Ret Chk Chg | $0.00 | $0.00 | $77,569.06 |
| 01/16/2018 | 01/16/2018 | $6,598.65 | 08080 | Teller Pmt | $5,790.23 | $808.42 | $71,778.83 |
| 01/16/2018 | 01/16/2018 | $350.00 | 08088 | Late Chg Paymnt | $0.00 | $0.00 | $71,778.83 |
| 01/16/2018 | 01/16/2018 | $75.00 | 08087 | Ret Chk Payment | $0.00 | $0.00 | $71,778.83 |
| 01/17/2018 | 01/17/2018 | $15.00 | 08010 | Waive Ret Chk | $0.00 | $0.00 | $71,778.83 |
| 02/01/2018 | 02/01/2018 | $1,659.73 | 08080 | Chase.com External Tsf Pmt | $1,460.25 | $199.48 | $70,318.58 |
| 03/01/2018 | 03/01/2018 | $1,659.73 | 08080 | Chase.com External Tsf Pmt | $1,317.73 | $342.00 | $69,000.85 |
| 03/01/2018 | 03/07/2018 | $1,659.73 | 09080 | RTN PMT-INSUFF FUNDS | $1,317.73 | $342.00 | $70,318.58 |
| 03/01/2018 | 04/05/2018 | $15.00 | 07011 | Ret Chk Chg | $0.00 | $0.00 | $70,318.58 |
| 03/15/2018 | 04/05/2018 | $50.00 | 07011 | Late Charge | $0.00 | $0.00 | $70,318.58 |
| 03/30/2018 | 03/30/2018 | $1,659.73 | 08080 | Chase.com External Tsf Pmt | $963.52 | $696.21 | $69,355.06 |
| 03/30/2018 | 04/05/2018 | $1,659.73 | 09080 | RTN PMT-INSUFF FUNDS | $963.52 | $696.21 | $70,318.58 |
| 03/30/2018 | 04/05/2018 | $15.00 | 07011 | Ret Chk Chg | $0.00 | $0.00 | $70,318.58 |
| 04/16/2018 | 04/16/2018 | $50.00 | 07011 | Late Charge | $0.00 | $0.00 | $70,318.58 |
| 05/01/2018 | 05/01/2018 | $1,659.73 | 08080 | Chase.com External Tsf Pmt | $572.67 | $1,087.06 | $69,745.91 |
| 05/01/2018 | 05/07/2018 | $1,659.73 | 09080 | RTN PMT-INSUFF FUNDS | $572.67 | $1,087.06 | $70,318.58 |
| 05/01/2018 | 05/07/2018 | $15.00 | 07011 | Ret Chk Chg | $0.00 | $0.00 | $70,318.58 |
| 05/15/2018 | 05/15/2018 | $50.00 | 07011 | Late Charge | $0.00 | $0.00 | $70,318.58 |
| 06/01/2018 | 06/01/2018 | $1,659.73 | 08080 | Chase.com External Tsf Pmt | $194.02 | $1,465.71 | $70,124.56 |

EXHIBIT 3



Advertisement

Buy from a Dealer

# Used 2017 Land Rover Range Rover Supercharged LWB Sport Utility 4D

Typical Mileage: 24,575




Based on Good Condition or Better

Fair Purchase Price valid for your area through 7/26/2018

## Your Configured Options

**Engine**
V8, Supercharged, 5.0 Liter

**Transmission**
Automatic, 8-Spd

**Drivetrain**
4WD

**Accessory Packages**
Blind-Spot Monitor
Lane Departure Warning System
Vision Assist Pkg

**Braking and Traction**
Hill Descent Control
Traction Control
Dynamic Stability Control
ABS (4-Wheel)

**Comfort and Convenience**
Alarm System
Keyless Entry
Push Button Start
Air Conditioning
Air Conditioning, Rear
Power Windows
Power Door Locks
Power Close Doors
Cruise Control
Sensing Cruise Control

**Steering**
Power Steering
Tilt & Telescoping Wheel

**Entertainment and Instrumentation**
Head-Up Display
AM/FM/HD Radio
Meridian Premium Sound
SiriusXM Satellite
Navigation System
DVD System
Bluetooth Wireless

**Safety and Security**
Park Assist
F&R Parking Sensors
Backup Camera
Surround View Camera
Dual Air Bags
Side Air Bags
F&R Head Curtain Air Bags

**Seats**
Heated & Cooled Seats
Dual Power Seats
Leather

**Roof and Glass**
Panorama Moon Roof
Privacy Glass

**Lighting**
Xenon Headlamps
Daytime Running Lights

**Exterior**
Fog Lights
Grille Guard

**Cargo and Towing**
Towing Pkg

**Wheels and Tires**
Alloy Wheels
Premium Wheels
Oversized Premium Wheels 20"+

**Exterior Color**
Beige
Black
Blue
Burgundy
Gold
Gray
Green
Orange
Red
Silver
White

## Glossary of Terms

Tip:

EXHIBIT 4

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) (PERSONAL PROPERTY)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) ___________, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**U.S. TRUSTEE:**
Ustpregion16.nd.ecf@usdoj.gov

**TRUSTEE:**

**ATTORNEY FOR DEBTOR:**
Stephen L Burton
steveburtonlaw@aol.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) SEP 05 2018, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**PRESIDING JUDGE:**
Judge Deborah J Saltzman
United States Bankruptcy Court
Central District of California
255 E Temple Street, Suite 1634
Los Angeles, CA 90012

**DEBTOR:**
Igor Lopatonok
260 Loma Metisse Road
Malibu, CA 90265-3011

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| SEP 05 2018 | Joan Guerin | [signature] |
|---|---|---|
| *Date* | *Printed name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.